UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States of America | : |
| | : |
| v. | : No. 20-CV-134-2-VLB |
| | : |
| JOSEPH PINA | : |
| | : MARCH 7, 2022 |
| | : |

### ARTICULATION OF RATIONAL FOR MINOR PARTICIPANT ROLE CREDIT

On March 2, 2022, the Court conducted a sentencing hearing for Joseph Pina who has been convicted of Conspiracy to Commit Sex Trafficking of a Minor in violation of 18 U.S.C. §§ 159(a)(1), (b)(2), (c), and 1594(c).  The Court granted Mr. Pina's motion for a two-level minor participant reduction pursuant to United States Sentencing Guidelines section 3B1.2.  The following is an articulation of the Court's reasoning in granting that motion.

I.    **ARTICULATION**

Defendant Joseph Pina seeks a minor participant two-level reduction to his Guidelines calculation, to which the Government objects noting that Mr. Pina's role was not less egregious than that of the average defendant convicted of this offense.  Pina has a co-defendant Joel Lindsey. Lindsey enticed a minor victim ("MV") to a motel under false pretenses to traffic her sexually. Pina joined Lindsey and MV at the motel.  Lindsey threatened MV with a pocketknife to induce her to make a pornographic video with him. Lindsey later purchased items for MV from Victoria's Secret.  Both men arranged sexual encounters with MV, accepted payment for the encounters and had intercourse with her. Lindsey used threats

1

and coercion to force MV to gratify men while Pina advocated on her behalf and offered to pay Lindsey the amount MV would earn if she submitted. Both men had intercourse with MV. When Lindsay left, Pina kept MV at the motel overnight before taking her to school.

In affording this reduction, the Court must find that Mr. Pina was "substantially less culpable than the average participant in the criminal activity." § 3B1.2, Application Note 3(A). The application notes direct Courts to consider the following non-exhaustive list of factors in determining if the defendant is a minor or minimal participant:

> (i)  the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii)  the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii)  the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv)  the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v)  the degree to which the defendant stood to benefit from the criminal activity.

§ 3B1.2, Application Note 3(C). "For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline." *Id.* "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." *Id.*

The application notes provide that a minimal participant applies to "defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." § 3B1.2, Application Note 4. A minor participant "applies to a defendant described in Application Note 3(A) who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."

Second Circuit case law has consistently explained that "the fact that a defendant played a minimal or minor role in his offense "vis-à-vis" the role of his co-conspirators is insufficient, in and of itself, to justify a [mitigating role] reduction." *United States v. Carpenter*, 252 F.3d 230, 235 (2d Cir. 2001) (vacating sentence because the district court compared the defendant's role with that of his co-defendant rather than the _average_ participant in the criminal activity). *See also United States v. Castano*, 234 F.3d 111, 113 (2d Cir. 2000) ("the defendant's conduct must be 'minor' . . . as compared to the _average_ participant in such a crime.") (emphasis added).

In *United States v. Rivera*, 758 Fed. Appx. 148 (2d Cir. 2018), the defendant was convicted of conspiracy to commit sex trafficking along with two co-defendants. The lead co-defendant owned bars and would hire undocumented women immigrants to work as waitresses, but also forced the women to have sex with customers. *Id.* at 150. The defendants raped and physically assaulted the women, withheld their pay, and threatened them with deportation. *Id.* One

3

defendant—who was found to be the lead defendant's "right hand man" and "enforcer," and who picked the women up knowing they would be subject to the same fate as the other women—argued on appeal the district court should have afforded him a mitigating role adjustment. *Id.* at 151.  The Second Circuit found no abuse of discretion in the district court's denial of the role reduction. *Id.*

Pina argues he should be afforded a minor role adjustment because his offense conduct is demonstrably less than his co-defendant.  Pina indicates that his conduct, which included responding via text message to potential customers, collecting money from customers, and having sex with the minor victim is sufficiently minor when compared to his co-defendant.  Pina's argument fails to address the clear Second Circuit authority that requires consideration of the defendant's role as compared to the *average* participant in a sex trafficking of a minor offense, not just co-conspirators in a particular sex trafficking of a minor offense.  His argument is germane to the need to avoid unwarranted sentencing disparities. Notably, the record is devoid of evidence of the conduct of typical participants in a sex trafficking of a minor offense.

Pina's role was not that of a typical sex trafficker.  Threats, coercion, and force are expected elements of a typical sex trafficking offence since, often sex trafficking victims do not submit voluntarily. Unlike the defendant in *Rivera* Pina neither expected nor acquiesced in the use of threats or force against MV. When Lindsey tried to force MV to perform, Pina advocated for her and even offered to pay Lindsey the money MV would earn so that she would not have to perform. The fact that Lindsey forced MV to perform over her objection and despite Pina's

offered to pay Lindsey also indicates he did not have the discretion to decide when MV performed sexual acts.  In addition, unlike her sexual encounter with Lindsey, MV was not threatened with serious physical harm to have sexual intercourse with Pina.  While Mr. Pina's conduct does not constitute a withdrawal, it was an attempt to use what little leverage he had to mitigate MV's suffering. In so doing he distinguished himself from the average sex trafficker.

Based on these distinctions, the nature and extent of Pina's participation in the commission of the offense of conviction, including the acts he performed, the responsibility and discretion he had, make him less culpable than the average sex trafficker and Lindsey.  The Court granted Defendant Pina's request for a 2-level minor participant role reduction and a downward departure for his uncharacteristic and selfless effort to reduce the harm suffered by MV during the offense.

In addition, a non-guideline sentence affords the court latitude to avoid an unwarranted sentencing disparity vis-à-vis his co-defendant Mr. Lindsey.

IT IS SO ORDERED.

*Vanessa Bryant* Digitally signed by Vanessa Bryant
Date: 2022.03.07 20:07:45 -05'00'

**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated this day in Hartford, Connecticut.**